U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 19 2016

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RON HARNIST, ET AL., | § |
| | § |
| Plaintiffs, | § |
| | § |
| VS. | § NO. 4:16-CV-246-A |
| | § |
| THE BANK OF NEW YORK MELLON | § |
| FKA THE BANK OF NEW YORK, AS | § |
| SUCCESSOR TRUSTEE FOR | § |
| JPMORGAN CHASE BANK, N.A., AS | § |
| TRUSTEE FOR NOVASTAR | § |
| MORTGAGE FUNDING TRUST, SERIES | § |
| 2005-2 NOVASTAR HOME EQUITY | § |
| LOAN ASSET-BACKED CERTIFICATES, | § |
| SERIES 2005-2, ET AL., | § |
| | § |
| Defendants. | § |

### MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants The Bank of New York Mellon f/k/a The Bank of New York, as Successor Trustee for JPMorgan Chase Bank, N.A., as Trustee for Novastar Mortgage Funding Trust, Series 2005-2 Novastar Home Equity Loan Asset-Backed Certificates, Series 2005-2 ("BONY") and Ocwen Loan Servicing LLC ("Ocwen") (collectively "movants")[1] to dismiss plaintiffs' claims. The court, having considered the motion, the response, the reply, the record, and applicable authorities, finds that the motion to dismiss should be granted.

---

[1] Garlith B. ("Garlith") is also named as a defendant in the above-captioned action but there is no record of proof of service on Garlith. When the court refers to defendants it is referring to BONY, Ocwen, and Garlith.

I.

Background

Plaintiffs, Ron Harnist and Jodi A. Harnist, initiated this action on February 24, 2016, by filing an original petition in the 342nd Judicial District of Tarrant County, Texas. On April 1, 2016, movants removed the action to federal court on the basis of diversity of citizenship jurisdiction. On April 8, 2016, movants filed the motion to dismiss. This dispute centers around a home equity note (the "note") and security instrument executed by plaintiffs affecting property located at 3309 Lancelot Court, Bedford, Texas 76021 (the "Property") and a loan modification on the Property entered into around December 10, 2013.

Following the loan modification, plaintiffs received notice that they were in default on the loan. It appears that this default was related to plaintiffs failure to pay escrow. The parties dispute whether plaintiffs were obligated to pay escrow under the loan modification. Plaintiffs called Ocwen to discuss the default and spoke with Garlith B. ("Garlith"). Plaintiffs allege that Garlith offered them a second loan modification and indicated that there were discrepancies related to the Property. Eventually, Garlith notified plaintiffs that Ocwen would not approve the second loan modification.

Plaintiffs assert claims for breach of contract, negligence and gross negligence, intentional infliction of emotional distress, unreasonable debt collection practices, violations of Chapter 392 of the Texas Finance Code known as the Texas Debt Collection Act ("TDCA"), and conspiracy. Plaintiffs also claim that they are entitled to punitive damages, an automatic stay of foreclosure, and attorneys' fees.

II.

The Motion to Dismiss

Movants seeks dismissal of plaintiffs' claims for failure to state a claim upon which relief may be granted.[2] Movants claim that any statements allegedly made by Garlith or other representatives regarding a second loan modification are barred by the statute of frauds because a loan modification of this nature must be in writing.[3] In addition, movants argue that plaintiffs have not stated facts to support any of their allegations and that all of plaintiffs' claims must be dismissed.[4]

---

[2] Doc. 6. The "Doc. _" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:16-CV-246-A.

[3] Doc. 7 at 3-4.

[4] Doc. 7.

III.

Motion to Dismiss Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable federal standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555, 578 n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must

4

suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

IV.

Application of Law to Facts

After a study of plaintiffs' petition filed in state court and a review of the applicable legal authorities, the court has concluded plaintiffs have failed to allege fats that state any claim upon which relief may be granted. Plaintiffs' allegations are wholly conclusory.

A.   Breach of Contract

To sustain a breach of contract claim under Texas law plaintiffs must show: (1) the existence of a valid contract, (2) plaintiff performed or tendered performance under the contract, (3) breach by defendant, and, (4) damages. Mullins v. TestAmerica, Inc., 564 F.3d 386, 418 (5th Cir. 2009) (quotations omitted) (quoting Aguiar v. Segal, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). Plaintiffs asserts breach of contract against defendants for: (1) failing to accept payments from plaintiffs under the note, (2) failing to provide

5

timely and clear information about the timing and amount of payments owed under the loan modification, (3) failing to provide contractual and/or statutory notice provisions regarding foreclosure, and (4) demanding more than is actually due to avoid foreclosure.[5] The bases of plaintiffs' breach of contract claims are that movants' representatives offered a second loan modification, which ultimately was not approved, and, that movants have otherwise failed to accept payments and provide information regarding the original loan modification.

Movants argue that plaintiffs' breach of contract claims should be dismissed because any claim of a second loan modification is barred by the statute of frauds, and because plaintiffs have failed to allege facts that would support a breach of contract claim based upon the original loan modification. For the reasons stated below, the court agrees with movants.

1. <u>Statute of Frauds</u>

Under Texas law, a loan agreement involving an amount in excess of $50,000.00 is unenforceable unless the agreement is in writing and signed by the party to be bound. TEX. BUS. & COM. CODE Ann. § 26.02(b) (West 2015).

---

[5] Doc. 1 Ex. A-1 at 6.

Here, plaintiffs attached the note to their pleading, which indicated that they agreed to pay $132,800.[6] Also attached was the loan modification agreement indicating that the new balance on the loan was $117,997.56.[7] It is clear that any second loan modification must have been in excess of $50,000, thus, any of plaintiffs' breach of contract claims based on an alleged second loan modification on the Property, were subject to the statute of frauds and required to be in writing. See Martins, 722 F.3d at 256 (holding agreement to modify mortgage note was subject to statute of frauds and unenforceable unless in writing). Plaintiffs alleged that movants' representatives negotiated a second loan modification.[8] The petition did not allege that any agreement to modify the loan a second time was ever made, much less put in writing. Hence, plaintiffs cannot overcome the statute of frauds as to any claims regarding a second loan modification.

2. <u>Plaintiff's Breach of Contract Claims Based on the Original Loan Modification</u>

Plaintiffs' claims based on the original loan modification appear to be that movants wrongfully refused payments and failed

---

[6] Doc. 1 Ex. A-1 at Pl. Ex. A.

[7] Doc. 1 Ex. A-1 at Pl. Ex. B.

[8] Doc. 1 Ex. A-1 at 5.

to provide timely and clear information about payments. Those claims are also barred. First, it appears that the alleged payment refused by movants relates to the discussion plaintiffs purportedly had with movants' representative regarding how to proceed on a second loan modification.[9] Thus, to the extent this claim is based on a second loan modification it is barred for the reasons stated above.

To the extent that plaintiffs' claim are not related to the second loan modification, it appears the basis for the breach of contract claim turns on whether plaintiffs were responsible for paying escrow. The loan modification stated in relevant part:

> Any payments due for taxes and insurance will be your
> responsibility in addition to the payments of principal
> and interest required under the terms of this
> modification. If this loan is currently escrowed, Ocwen
> will continue to collect the required escrow amounts
> with your monthly principal and interest payment.[10]

Plaintiffs neglected to include the security instrument, which details escrow on the Property. The security instrument states in relevant part:

> Borrower shall pay to Lender on the day Periodic
> Payments are due under the Note, until the Note is paid
> in full, a sum (the "Funds") to provide for payments of
> amounts due for: (a) taxes and assessments and other
> items which can attain priority over this Security

---

[9] Doc. 1 at Ex. A-1 at 5.

[10] Doc. 1 Ex. A-1 at Pl. Ex. B. Plaintiffs conveniently left the second sentence of this paragraph regarding whether the loan is currently in escrow out of their petition.

> Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; and (c) premiums for any and all insurance required by Lender under Section 5. These items are called "Escrow Items."[11]

Thus, plaintiffs were clearly responsible for escrow payments under the security instrument and loan modification. As a result, any claims based on the contention that plaintiffs were not responsible for escrow must be dismissed.

While it is not entirely clear which breach of contract claims are based on the contention that under the loan modification plaintiffs were not responsible for paying escrow, at a minimum dismissal for this reason is appropriate as to plaintiffs' claims that movants wrongfully refused to accept payments and demanded more than is actually due to avoid foreclosure. It is clear that plaintiffs were obligated to pay escrow on their note and they do not allege that they paid the escrow.

As to the remaining claims regarding notice of the timing and amount of payments owed and notice of foreclosure, plaintiffs provide no explanation for these claims. These allegations are wholly conclusory and fail to state a claim upon which relief may be granted.

---

[11] Doc. 7 Ex. 2 at DEF 8.

B.  Negligence and Gross Negligence

The elements of negligence in Texas are: (1) the existence of a legal duty, (2) a breach of duty, and (3) damages proximately caused by that breach. Boudreaux v. Swift Transp. Co., Inc., 402 F.3d 536, 540-41 (5th Cir. 2005). The relationship between a mortgagor and mortgagee does not usually give rise to a stand-alone duty of good faith and fair dealing. Milton v. U.S. Bank Nat. Ass'n, 508 F. App'x 326, 329 (5th Cir. 2013). Plaintiffs have directed the court to no authority showing that a duty arises in a context such as this one. Neither have plaintiffs set forth allegations that would show any "special relationship" between plaintiffs and movants. Thus, the negligence claim must be dismissed.

In order to establish gross negligence, plaintiffs must establish "a heightened form of negligence which requires proof of an extreme degree of risk and a conscious indifference by the negligent actor." Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) (quotations omitted). Plaintiffs certainly have not stated a claim for gross negligence because they allege no conduct of movants that amounts to an "extreme degree of risk" or "conscious indifference." See id. The gross negligence claim must be dismissed.

C.  Intentional Infliction of Emotional Distress

Under Texas law, the elements of intentional infliction of emotional distress are: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." Hoffman-La Roche Inc. v. Zeltwanger, 144 S.W.3d 438, 445 (Tex. 2004) (citations omitted). For an intentional infliction of emotional distress claim, movants conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Twyman v. Twyman, 855 S.W.2d 619, 621 (Tex. 1993) (quotations omitted). Plaintiffs have wholly failed to allege that movants conduct was extreme or outrageous.

D.  Unreasonable Debt Collection Practices

Unreasonable debt collection is an intentional tort, the exact contours of which are not clearly defined. See Thomas v. EMC Mortg. Corp., 499 F. App'x 337, 341 (5th Cir. 2012); EMC Mortg. Corp. v. Jones, 252 S.W.3d 857, 868 (Tex. App.--Dallas 2008, no pet.). Although the contours are undefined, the Fifth Circuit has recognized that this claim requires conduct that amounts to "a course of harassment that was willful, wanton,

malicious, and intended to inflict mental anguish and bodily harm." Massey v. EMC Mortg. Corp., 546 F. App'x 477, 483 (5th Cir. 2013) (quoting Jones, 252 S.W.3d at 868).

The only conduct attributed to movants in support of this claim is that movants failed to "properly account for Plaintiffs' payments, fail[ed] to accept the payments as agreed on the request of Plaintiffs . . . [and] prevent[ed] Plaintiffs from curing the claimed default. . . ."[12] Plaintiffs do not allege sufficient facts to support these allegations. Plaintiffs describe negotiations with movants' representatives, the representatives' various offers of loan modifications that were ultimately not approved, and communications between plaintiffs and movants in the course of plaintiffs' attempts to seek a loan modification; however, although potentially upsetting to plaintiffs none of plaintiffs' allegations can rise to the level of "a course of harassment that is willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." See Massey, 546 F. App'x at 483. Nor do plaintiffs, in their response, direct the court to authority holding similar conduct to constitute unreasonable debt collection.

---

[12] Doc. 1 Ex. A-1 at 9.

Because plaintiffs have alleged no conduct by movants that approaches the required standard, the claim of unreasonable debt collection is to be dismissed.

E.  TDCA Claims

Plaintiffs contends that movants violated sections 392.301, 392.303, and 392.304(a)(8) and (12) of the Texas Finance Code.

1.  TDCA § 392.301

Section 392.301 provides that a debt collector may not use "threats, coercion, or attempts to coerce" that include any of a list of prohibited practices. TEX. FIN. CODE ANN. § 392.301 (West 2015). As to this claim, and all of the claims under the TDCA, it is unclear what conduct plaintiffs are alleging violates which section of the TDCA.

Plaintiffs specifically mention that movants have "threatened to take action prohibited by law including threatening a wrongful foreclosure," and § 392.301(a)(8) prohibits "threatening to take an action prohibited by law."[13] TEX. FIN. CODE ANN. § 392.301(a)(8) (West 2015). However, foreclosure is not an action prohibited by law. Under section 392.301(b), a debt collector is not prevented from "threatening to institute civil lawsuits or other judicial proceedings to collect a consumer debt" or from "exercising or threatening to

---

[13] Doc. 1 Ex. A-1 at 9.

exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." TEX. FIN. CODE ANN. § 392.301(b) (West 2015). Movants had authority to foreclose on the Property as holder of the note and mortgage servicer, so their actions did not violate section 392.301.

    2.   <u>TDCA § 392.303</u>

Plaintiffs allege a violation of 392.303 stating that movants "used unfair or unconscionable means by collecting or attempting to collect interest or a charged fee or expense incidental to the allegation that was not authorized by the terms fo the parties' contract. . . ."[14] Section 392.303(a)(2), uses almost the same language as was used in plaintiffs' petition stating that a debt collector "may not use unfair or unconscionable means" that involve "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." TEX. FIN. CODE ANN. § 392.303(a)(2) (West 2015).

The court is puzzled as to what interest, fee, charge, or expense movants have imposed on plaintiffs that is not legally

---

[14] Doc. 1 Ex. A-1 at 9.

chargeable to a consumer. As explained above, escrow was clearly chargeable to plaintiffs under the security instrument and loan modification. Thus, plaintiffs have failed to state a claim upon which relief may be granted.

3. TDCA § 392.304

Plaintiffs alleges a violation of §§ 392.304(a)(8) and 392.394(a)(12). It appears defendants' alleged actions related to these claims are "misrepresenting the character, amount or extent of debt."[15] Plaintiffs have given no indication of what movants misrepresented. Furthermore, to the extent the "misrepresentation" relates to escrow, as discussed above, plaintiffs were responsible for escrow. Thus, this claim must be dismissed.

F. Conspiracy

The court now turns to the civil conspiracy claim. For a civil conspiracy claim, plaintiffs must show: (1) a combination of two or more persons who had (2) the specific intent to accomplish an unlawful purpose or a lawful purpose by unlawful means; (3) a meeting of the minds on the object or the course of the action; (4) one or more unlawful, overt acts; and (5) actual damages as a proximate result of the conspiracy. See ERI Consulting Eng'rs, Inc. v. Swinnea, 318 S.W.3d 867, 881 (Tex.

---

[15] Doc. 1 at Ex. A-1 at 9-10.

15

2010). Here, plaintiffs have not alleged sufficient facts to show that movants had a specific intent to accomplish an unlawful purpose or a lawful purpose by unlawful means, much less the existence of one or more unlawful, overt acts. Because plaintiffs cannot show that an underlying "intentional tort" was committed, plaintiffs have not alleged a claim for conspiracy. Firestone Steel Products Co. v. Barajas, 927 S.W.2d 608, 617 (Tex. 1996). Accordingly, the court is dismissing the conspiracy claim.

G.  Claims Against Garlith

There is no record of service of process on Garlith. All of plaintiffs' claims are alleged against all defendants generally. Thus, for the same reasons discussed above, the court concludes that the claims against Garlith should be dismissed. Plaintiffs have wholly failed to state a claim upon which relief may be granted against Garlith.

H.  Request for Automatic Stay of Foreclosure Sale

Plaintiffs also request a stay of foreclosure sale pursuant to Rule 736.11 of the Texas Rule of Civil Procedure. Tex. R. Civ. P. § 736.11 (West 2016). The record does not reflect that this request was dealt with by the state court. Because this court has dismissed all of plaintiffs' claims against all defendants, the granting of a stay of foreclosure based on the filing of this action would be inappropriate.

I.   <u>Punitive Damages</u>

Because the court has dismissed all of plaintiffs' claims, there is nothing on which to base plaintiffs' claim for punitive or other damages.

J.   <u>Attorney's Fees</u>

Because the court has dismissed all of plaintiffs' claims, there is nothing on which to base a claim for attorneys' fees.

K.   <u>Plaintiffs' Request for Leave to Amend Complaint</u>

Plaintiffs' response to the motion to dismiss includes a request that should the court find that plaintiffs have not stated a claim against movants, the court allow plaintiffs to amend their complaint.[16] The court notes that it is the duty of plaintiffs, not the court, to evaluate the need to amend the complaint after reviewing the motion to dismiss. Thus, the court denies such request.

---

[16] Doc. 13 at 13.

V.

Order

Therefore,

The court ORDERS that the motion to dismiss filed by movants be, and is hereby, granted, and that plaintiffs' claims against defendants be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

SIGNED May 19, 2016.

_____
JOHN McBRYDE
United States District Judge